This matter came before me on a motion by the defendants to dismiss the complaint filed herein on the ground that it fails to state a claim upon which relief can be granted.
The complaint alleges that plaintiffs were common stockholders of the West Bergen Trust Company who exchanged their stock for common stock of The Trust Company of New Jersey upon the merger of the two corporations in accordance with an agreement of merger dated March 10, 1939; that to effect such merger it was represented to the plaintiffs and other stockholders of West Bergen Trust Company that it was necessary to request the defendant, Federal Deposit Insurance Corporation, to either purchase certain assets deemed *Page 301 
unacceptable for the acquisition or retention by the merged banks, or to loan an amount not in excess of $1,000,000 to West Bergen Trust Company; that authorization to negotiate with defendant, Federal Deposit Insurance Corporation, was granted the officers of West Bergen Trust Company at a special directors meeting on March 10, 1939; that pursuant to such authority, a loan of $1,000,000 was made to West Bergen Trust Company by the Federal Deposit Insurance Corporation secured by collateral having a book value of $1,492,344.34, being composed of such securities as were considered unacceptable for acquisition by the merged bank; that the proceeds of the loan, upon merger, were transferred to The Trust Company of New Jersey; that the defendant, Federal Deposit Insurance Corporation, has liquidated said loan by disposal of the aforesaid collateral and has a surplus of over $100,000 remaining above the amount of the loan; that no allowance or payment was made to plaintiffs or other common stockholders of West Bergen Trust Company for the value of the collateral pledged with the Federal Deposit Insurance Corporation over and above the amount of the loan; that such surplus is the property of the plaintiffs and other stockholders of the West Bergen Trust Company as the lawful owners thereof at the time of the loan; and that The Trust Company of New Jersey, having given no consideration therefor, is not entitled to claim the same as against the plaintiffs.
It is my opinion that the motion should be granted.
The application for the loan from the Federal Deposit Insurance Corporation states:
"When the entire indebtedness of the Bank to the Corporation has been paid in full, the collateral, if any, remaining in the hands of the Corporation shall be delivered to The Trust Company of New Jersey, as constituted after the merger, and thereafter the Corporation shall be forever discharged and released from any liability to the Bank or its successors arising out of the loan transaction."
Said application expressly makes itself and the note contemplated to be made by the West Bergen Trust Company "a contract between Bank and the Corporation," and then recites: *Page 302 
"Said contract shall inure to the benefit of the successors and assigns of the Corporation and shall be binding upon but shall not inure to the benefit of the successors or assigns of Bank, except The Trust Company of New Jersey, as constituted after the merger, without the written consent of the Corporation."
The loan itself was made in return for a demand note dated April 20, 1939, in the sum of $994,421.26. The note provided:
"After deducting all expenses of such sale or sales, the Payee may apply the residue of the proceeds thereof to the payment of the indebtedness, as it shall deem proper, returning the excess, if any, to the undersigned."
The "undersigned" is the West Bergen Trust Company, the merging bank.
Upon obtaining the proceeds of the note, the merger was effectuated. The agreement of merger, dated March 10, 1939, states that the merger shall be "under and pursuant to the provisions of sections 17:4-80 to 17:4-90 of the RevisedStatutes." As then constituted, R.S. 17:4-87 provided:
"Effect of merger. Upon the merger of any corporation into another as herein provided:
a. Its corporate existence shall be merged into that of the other corporation, and all its rights, privileges and franchises, and its right, title and interest in and to all its real and personal property, and things in action, and every right, privilege, interest or asset of conceivable value or benefit then existing which would inure to it under an unmerged existence, shall be deemed fully and finally, and without any right of reversion, transferred to and vested in the corporation into which it has been merged, without further act or deed, and the last mentioned corporation shall have and hold them in its own right as fully as the same were possessed and held by the merged corporation from which it was, by operation of the provisions hereof, transferred;"
By virtue of this statutory provision, all right, title and interest possessed by West Bergen Trust Company in and to the collateral furnished by the loan obtained was "fully and finally, and without any right of reversion, transferred to and vested in the corporation into which it has been merged," namely, The Trust Company of New Jersey. The rights of *Page 303 
the plaintiffs who sue as stockholders are no greater than those of the corporation whose stock they owned.
The application for the loan requires the delivery of the surplus collateral to The Trust Company; the note requires the payee to return the excess collateral to the West Bergen Trust Company, which by operation of R.S. 17:4-87, vests the merging bank's right, title and interest thereto in The Trust Company of New Jersey "fully and finally, and without any right of reversion." Again, reading the application and the note together (they "constitute a contract between Bank and Corporation") such contract "shall not inure to the benefit of the successors or assigns of Bank, except The Trust Company of New Jersey, as constituted after the merger."
Plaintiffs allege that the book value of the collateral, over and above the amount of the loan, was not considered as a basis for computing the exchange of West Bergen Trust Company common stock for that of the new common stock of The Trust Company of New Jersey. But the agreement of merger, which states that 8,000 shares of West Bergen common stock shall be exchanged for 12,000 shares of new common stock of The Trust Company of New Jersey, makes no reference to book value or any other norm except the ratio of 8,000 to 12,000. Book value is not necessarily market value. The consideration for the exchange was 12,000 shares for 8,000 shares. The plaintiffs received their new shares in this ratio. This allegation states no cause of action. The agreement of merger is fully executed by both sides. When this is so, it will not be avoided on the sole ground of inadequacy of consideration at the suit of one of the parties thereto.
Upon the basis of the foregoing, I am of the opinion that the complaint should be dismissed and I shall sign an order to that effect. *Page 304